**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ESTHER COLENE O'NEILL,**

                **Plaintiff**

                v.                              5:05-CV-188
                                                          (FJS/GHL)

**UNITED STATES OF AMERICA,**

                **Defendant and Third-**
                **party Plaintiff**

                v.

**STATE OF NEW YORK,**

                **Third-party Defendant**
_____

**APPEARANCES**                              **OF COUNSEL**

**ROTHSCHILD LAW FIRM, P.C.**        **MARTIN J. ROTHSCHILD, ESQ.**
5781 Bridge Street
Suite 33
East Syracuse, New York 13057
Attorneys for Plaintiff

**OFFICE OF THE UNITED STATES**     **WILLIAM F. LARKIN, AUSA**
**ATTORNEY**
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Defendant and Third-party
Plaintiff

**OFFICE OF THE NEW YORK STATE**    **SENTA B. SIUDA, AAG**
**ATTORNEY GENERAL**
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

**SCULLIN, Senior Judge**

## ORDER

Currently before the Court is Defendant United States of America's ("USA") motion for summary judgment on Plaintiff's Federal Tort Claims Act claim, in which Third-party Defendant State of New York joins.

Plaintiff alleges that, as a result of Defendant USA's negligence, she fell on the east pier at Fair Haven State Park in Little Sodus Bay, New York. Defendant USA constructed the pier and its walking surface so that it had height variations which require walkers to step up and down. Plaintiff claims that she fell and sustained injuries to her left leg and left ankle at one of these steps, which was approximately four or five inches in height and not demarcated by a change in the pier's color or composition.

Defendant USA moves for summary judgment on the basis that the steps were not, as a matter of law, a dangerous condition because they were open and obvious. Furthermore, Defendant USA argues that Plaintiff cannot establish that the pier was a proximate cause of her injuries because she was carrying a six-month old child at the time of her fall.[1]

The Court held oral argument on February 9, 2007, at which time it heard Defendant USA's arguments in support of this motion and Plaintiff's arguments in opposition. At that time, the Court denied Defendant's motion for summary judgment, finding that genuine issues of

---

[1] In its submissions and at oral argument, Defendant USA conceded that it had actual notice of the step from its construction of the pier. Moreover, there are no allegations involving the pier's state of repair or external conditions such as water or debris. Therefore, the rule in *Wisner v. United States*, No. 92-CV-445, 1994 WL 698626, *4 (N.D.N.Y. Dec. 5, 1994), requiring notice of each of multiple combined conditions does not apply.

material fact exist as to whether the step on the pier constitutes a dangerous condition and whether the step was the proximate cause of Plaintiff's injuries. The following constitutes the Court's written decision.

Under New York law, the fact that an allegedly dangerous condition is open and obvious negates the duty to warn but does not eliminate a landowner's duty of care. *See Payne v. United States*, 359 F.3d 132, 138 (2d Cir. 2004) (citations omitted). Instead, the open and obvious nature of a condition relates to the issue of the plaintiff's comparative negligence. *See Holl v. Holl*, 270 A.D.2d 864, 864 (4th Dep't 2000) (quotation omitted). Therefore, the Court finds that Plaintiff's deposition testimony concerning the height and visibility of the step raises a genuine issue of material fact as to whether the step was a dangerous condition.

The issue of proximate cause should be submitted to the finder of fact once the plaintiff has established a prima facie case that the allegedly dangerous condition was a substantial factor causing her injuries. *See Derdiarian v. Felix Contracting Corp.*, 51 N.Y.2d 308, 315 (1980) (citations omitted). Moreover, the plaintiff is not required to establish that the condition was ***the*** proximate cause but merely ***a*** proximate cause. *See Capicchioni v. Morrissey*, 205 A.D.2d 959, 960 (3d Dep't 1994) (quotation and other citations omitted). Although Defendant USA contends that the proximate cause of Plaintiff's injuries was her distraction in carrying a child, the Court finds that Plaintiff has established that the step was a substantial factor causing her injuries. Therefore, a genuine issue of material fact exists concerning proximate cause.

Accordingly, having reviewed the parties' submissions and heard their arguments in support of, and in opposition to, Defendant USA's motion, and for the reasons stated in this

Order, as well as at oral argument, the Court hereby

**ORDERS** that Defendant USA's motion for summary judgment on Plaintiff's Federal Tort Claims Act claim, in which Third-party Defendant State of New York joins, is **DENIED**; and the Court further

**ORDERS** that this case shall proceed to trial on April 16, 2007 at 9:30am, in Syracuse, New York.

**IT IS SO ORDERED.**

Dated: February 12, 2007
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge